FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 28, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EDDIE VELEZ,<br><br>           Petitioner,<br><br>v.<br><br>JAMES R. KEY,<br><br>           Respondent. | No.   2:22-cv-00100-SMJ<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE AND ORDER DENYING MOTION FOR THE APPOINTMENT OF A FEDERAL PUBLIC DEFENDER** |

Petitioner Eddie Velez, a federal offender currently incarcerated at the Airway Heights Corrections Center ("AHCC"), brings this *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1. Petitioner has paid the $5.00 filing fee. Respondent has not been served. In addition, Petitioner has filed a Motion for the Appointment of a Federal Public Defender. ECF No. 2. This motion was considered without oral argument on the date signed below.

Liberally construing the Petition in the light most favorable to Petitioner, the Court finds that Petitioner is not entitled to the habeas relief he seeks. Because Petitioner does not challenge the fact or duration of his confinement, the Petition is dismissed without prejudice.

# BACKGROUND

Petitioner is serving a sentence that was imposed on July 29, 2005, in the United States District Court for the Eastern District of New York for murder in aid of racketeering, conspiracy to possess with intent to distribute cocaine, and use and possession of a firearm in relation to a drug trafficking offense. ECF No. 1 at 2; ECF No. 1-1 at 86. On August 22, 2014, Petitioner was transferred to the Washington State Department of Corrections ("DOC") pursuant to an Intergovernmental Agreement between the U.S. Department of Justice, Federal Bureau of Prisons ("BOP") and the State of Washington. ECF No. 1 at 2; ECF No. 1-1 at 52–59.

Petitioner asserts that since his transfer to the DOC, he has been housed at the Washington Corrections Center, Clallam Bay Corrections Center, and AHCC. ECF No. 1 at 12. He claims that during his time at these DOC facilities, he received funds from family and friends and from wages and gratuities earned while working within the prisons. *Id*. He contends that the DOC seized from these funds amounts ranging from 5% and 20% to reimburse Washington State for costs associated with Petitioner's incarceration and to compensate victims of crime in Washington State. *Id*. Petitioner claims that more than $5,000.00 has been seized from his funds since August 22, 2014, and he has been informed that the DOC will continue to seize funds for the duration of his stay in DOC facilities. *Id*.

## I. PETITION FOR WRIT OF HABEAS CORPUS

Petitioner challenges the DOC's seizure of funds from his inmate account for the Cost of Incarceration ("COI") and Crime Victims' Compensation ("CVC") deductions. ECF No. 1 at 3. He argues that the seizure of funds from federal inmate accounts for COI and CVC is unlawful because these "fees and restitution" were either not imposed or were waived by the federal sentencing court. *Id*.

As grounds for federal habeas relief, Petitioner claims that in seizing his funds for COI and CVC, the DOC is (1) acting beyond its statutory authority; (2) violating Petitioner's due process rights; and (3) depriving Petitioner of property as punishment without due process and in violation of double jeopardy. ECF No. 1 at 7–8. Petitioner seeks a Court order declaring that the DOC's actions are unlawful, and he requests that the seizure of funds immediately cease and all previously seized funds be returned to him. *Id*. at 9.

### A. Habeas Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts permits a district court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983). This rule also applies to a habeas petition brought under 28 U.S.C. § 2241. *See* Habeas Rule 1(b) (providing that district courts may apply the Habeas

Rules to habeas petitions that are not brought under 28 U.S.C. § 2254); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) ("[T]he district court did not err by applying Rule 4 of the Rules Governing Section 2254 Cases to the instant petition [brought under 28 U.S.C. § 2241]." (citation omitted)).

## LEGAL STANDARD

The Ninth Circuit has said that 28 U.S.C. § 2241 is the appropriate avenue for relief when a federal prisoner "challenges the *fact or duration* of his confinement." *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) (emphasis added) (citations and footnote omitted); *see also Alcala v. Rios*, 434 F. App'x 668, 669 (9th Cir. 2011) ("The district court correctly concluded that [the federal prisoner's] claims are not cognizable under 28 U.S.C. § 2241 because they do not concern the fact or duration of his confinement." (citation omitted)).

Here, success on Petitioner's § 2241 Petition would not affect the fact or duration of his confinement. Therefore, the Court lacks habeas jurisdiction over the Petition, and the undersigned may not reach the substance of Petitioner's claims. *See Schulze v. Kobayashi*, No. 20-00222 DKW-RT, 2020 WL 2544407, at *1 (D. Haw. May 19, 2020), *certificate of appealability denied*, No. 20-16131, 2020 WL 7233094 (9th Cir. Oct. 27, 2020) ("If success on a habeas petitioner's claim would not *necessarily* lead to his immediate or earlier release from confinement, the claim

ORDER DISMISSING PETITION WITHOUT PREJUDICE AND ORDER DENYING MOTION FOR THE APPOINTMENT OF A FEDERAL PUBLIC DEFENDER – 4

does not fall within 'the core of habeas corpus' and, thus, is not cognizable under 28 U.S.C. § 2241." (citation omitted)).

Accordingly, the Petition is DISMISSED without prejudice. If Petitioner wishes to continue with these claims, he must file a separate civil rights complaint pursuant to 42 U.S.C. § 1983 for which he will be responsible for paying the full filing fee of $402.00. The administrative fee of $52.00 will be waived if *in forma pauperis* status is granted.

## II. MOTION FOR THE APPOINTMENT OF A FEDERAL PUBLIC DEFENDER

In his Motion for the Appointment of a Federal Public Defender, Petitioner asserts that he is unable to afford counsel and the issues in his case are complex. ECF No. 2 at 1. He claims that he has limited access to federal law and he appears to state that the law library is presently closed due to a recent outbreak of the coronavirus (COVID-19). *Id*. Petitioner also contends that he has limited knowledge of the law and court protocol and procedure. *Id*. at 2.

There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel only if counsel is necessary for effective discovery or if an evidentiary hearing is required in the case. *See* Rules 6(a) & 8(c), Rules Governing Section 2254 Cases. The Court may exercise its discretion to appoint counsel when the interests of justice require. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). The Court must

ORDER DISMISSING PETITION WITHOUT PREJUDICE AND ORDER DENYING MOTION FOR THE APPOINTMENT OF A FEDERAL PUBLIC DEFENDER – 5

consider a petitioner's ability to articulate his claims considering the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Here, appointment of counsel would not serve the interests of justice, as Petitioner has not stated a viable habeas claim.

Accordingly, **IT IS HEREBY ORDERED:**

1. Because it plainly appears from the Petition and the attached exhibits that Petitioner is not entitled to habeas relief in this Court, **IT IS ORDERED** that the Petition, **ECF No. 1**, is **DISMISSED** without prejudice pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

2. The Clerk's Office is directed to **ENTER JUDGMENT** for Respondent and **CLOSE** this file.

3. The Court certifies that an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

4. Petitioner's Motion for the Appointment of a Federal Public Defender, **ECF No. 2**, is **DENIED**.

//

//

1  //

2  //

3      **IT IS SO ORDERED.** The Clerk's Office is **DIRECTED** to enter this

4  Order, enter judgment, provide a copies to Petitioner, and **close the file**.

5      **DATED** this 28th day of June 2022.

6                    _____
                     SALVADOR MENDOZA, JR.
7                    United States District Judge

ORDER DISMISSING PETITION WITHOUT PREJUDICE AND ORDER DENYING MOTION FOR THE APPOINTMENT OF A FEDERAL PUBLIC DEFENDER – 7